IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRYSTAL TOLLEY,<br><br>Plaintiff,<br><br>v.<br><br>THE HOUSING AUTHORITY OF UTAH COUNTY,<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:16-cv-00226-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Defendant The Housing Authority of Utah County (the "Housing Authority") moves the Court[1] to dismiss Plaintiff Crystal Tolley's ("Ms. Tolley") Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which this Court can grant relief. (Mot. to Dismiss For Failure to State a Claim & Memoranda ("Mot."), ECF No. 8.) After considering the parties' briefing,[2] the undersigned RECOMMENDS the Court deny the Housing Authority's Motion to Dismiss.

## BACKGROUND

Ms. Tolley's Complaint alleges the Housing Authority terminated her § 8 housing voucher in violation of due process and Housing and Urban Development ("HUD") regulation 24 C.F.R. § 982.555. (*See* Complaint ("Compl.") 10–12, ECF No. 4.) Ms. Tolley received a

---

[1] District Judge David Nuffer referred this matter to the undersigned Magistrate Judge under 28 U.S.C. § 636 (b)(1)(B). (ECF No. 6.)

[2] The undersigned finds oral argument unnecessary and issues this Report and Recommendation based on the written memoranda. *See* DUCivR 7-1(f).

1

housing voucher from the Housing Authority with an issue date of December 31, 2014 and an expiration date of March 1, 2015. (Compl. ¶ 32, ECF No. 4.) On February 23, 2015, Ms. Tolley received a letter from the Housing Authority stating "[w]e have received a claim against you from your previous landlord in the amount of $795.50. This is a violation of your family obligations on your voucher." (Compl. ex. 7, ECF No. 4.) The letter further stated

> You have the following options:
>
>> 1. Make arrangements to repay the debt/damages in full, or over time with your landlord.
>> 2. Negotiate the debt/damages amount with the landlord.
>> 3. Contest the debt/damages by going to court.
>
> In any case, you must provide a resolution, in writing, to the Housing Authority by March 1, 2015.
>
> If you do not resolve this matter by March 1, 2015, I will proceed with the termination process. . . .
>
> If you are unable to provide one of the items listed above AND disagree with the termination, you may request an informal hearing. Your informal hearing request must be a written statement submitted in our office no later than March 12, 2015.

(*Id.*)

On March 4, 2015 the Housing Authority received Ms. Tolley's Request for Tenancy Approval to renew her housing voucher. (Compl. at 6, ECF No. 4.) On March 9, 2015 the Housing Authority responded

> You were issued a Housing Choice Voucher on December 31, 2014, that was valid until March 1, 2014 [sic]. On March 4, 2015, we received a Request for Tenancy Approval, a W-9 with cover sheet, and a new lease. However, I am unable to process this information because it was received past the March 1, 2015 deadline. Also, we have notice that you owe your previous landlord $795.50.
>
> It is therefore necessary to terminate your housing assistance. No further rent payments will be issued from our agency.

(Compl. ex. 9, ECF No. 4.)  Also on March 9, 2015, the Housing Authority received a handwritten letter Ms. Tolley submitted stating "I'm not sure what's going on but I am taking my old landlord to court and disputing the charges. . . .  I would like to request a informal hearing.  I have been in to see you Feb. 28th you were gone to convention or meeting & I have called several times."  (Compl. ex. 10, ECF No. 4.)

The Housing Authority scheduled an informal hearing for Ms. Tolley on March 19, 2015. (Compl. at 7, ECF No. 4.)  The hearing notice stated "[p]er your request dated March 9, 2015, I have scheduled an informal hearing for you."  (Compl. ex. 11, ECF No. 4.)  The hearing notice did not state which issues the hearing would cover—Ms. Tolley's late paperwork, the damages claim, or both.  (*Id.*)  At the hearing, Ms. Tolley stated she intended to contest the $795.50 damages claim from her former landlord.  (Compl. ¶ 59, ECF No. 4.)  However, the Housing Authority told Ms. Tolley it would not address the damages claim because it intended to terminate her housing assistance based on her late renewal.  (Compl. ¶ 60, ECF No. 4.)

The hearing officer issued a written decision terminating Ms. Tolley's housing assistance. (Compl. ex. 12, ECF No. 4.)  The hearing officer wrote

> HAUC presented evidence that Crystal had been issued a Housing Choice Voucher on December 31, 2014.  It was valid until March 1, 2015.  Because March 1 fell on a Sunday, HAUC stated that the voucher would have been honored until closing time on Monday, March 2, 2015.  Thereafter HAUC could not continue to offer housing assistance to Crystal Tolley.  It appears the [sic] Crystal had been issued a NO Cause Notice to Vacate by her landlord on November 3, 2014 and that on February 23, 2015 that same landlord sent a statement of damages in the amount of $795.50.

(*Id.*)  The hearing officer concluded

> In each case there are often valid arguments, excuses and/or pleas for mercy. There is also one fact or piece of evidence which trumps all others.  In this case, that fact is that the required paperwork including an acceptable lease was not received by HAUC from Crystal on or before March 2, 2015.

3

(*Id*.)

On March 26, 2015, the Housing Authority sent Ms. Tolley a follow-up letter informing her of its decision to terminate her housing assistance. The March 26 letter stated, "Based on your Informal Hearing, the Decision from the Center for Conflict Resolution, and a thorough review of your file with my supervisor, your assistance IS terminated effective February 28, 2015." (Compl. ex. 13, ECF No. 4.) The March 26 letter concludes

> Due to the nature of this termination, you are ineligible to reapply for housing assistance until you provide one of the following resolutions:
>
> > 1. Make arrangements to repay the debt/damages in full, or over-time with your landlord.
> > 2. Negotiate the debt/damages amount with the landlord.
> > 3. Contest the debt/damages by going to court.
>
> We may submit your name to the NAHRO Registry which will make you ineligible for housing assistance for all HUD Section 8 programs.

(*Id*.)

Ms. Tolley alleges the March 26 letter shows the Housing Authority terminated her assistance based on the damages claim from her former landlord—and not the late paperwork—in violation of due process and HUD regulations. Meanwhile, the Housing Authority maintains it terminated Ms. Tolley's housing assistance in compliance with due process and HUD regulations and moves this Court to dismiss Ms. Tolley's Complaint for failure to state a claim upon which this Court can grant relief.

## DISCUSSION

To withstand a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Generally, a

court considers only the contents of a complaint when ruling on a 12(b)(6) motion." *Berneike v. CitiMorgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)).  "[A] court may look both to the complaint itself and to any documents attached as exhibits to the complaint."  *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).  In deciding a Rule 12(b)(6) motion, a court must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

The Housing Authority urges this Court to grant its Motion to Dismiss because "the hearing officer's decision to affirm the termination based on [Ms. Tolley's] failure to submit the renewal paperwork on time, while declining to address the issue of damages, was not arbitrary or capricious." (Mot. at 16, ECF No. 8.)  However, the question before the Court is whether Ms. Tolley's allegations, taken as true, state a claim on which this Court could grant relief. Therefore, this Court does not afford deference to the Housing Authority's decision at this stage in the proceedings.

**I. Violation of Due Process**

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The United States Supreme Court has held that welfare recipients have a property interest in welfare benefits.  *See Goldberg v. Kelly*, 397 U.S. 254, 262 (1970) (acknowledging welfare benefits as rights).  Therefore, procedural due process requires a welfare recipient have the opportunity to have a pre-termination evidentiary hearing before a termination of welfare benefits.  *Id.* at 264.  Under *Goldberg*, "[t]he hearing must be 'at a meaningful time and in a

meaningful manner.'" *Id*. at 267 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Due process requires a recipient receive "timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." *Id*. at 267–68. After the hearing, "the decisionmaker's conclusion as to a recipient's eligibility must rest solely on the legal rules and evidence adduced at the hearing." *Id*. at 271.

*Goldberg's* principles apply with equal force to subsidized housing benefits. *Caulder v. Durham Hous. Autho.*, 433 F.2d 998, 1003–04 (4th Cir. 1970); *Escalera v. N.Y.C. Hous. Autho.*, 425 F.2d 853, 861 (2d Cir. 1970); *Brantley v. W. Valley Hous. Autho.*, No. 2:08CV573DAK, 2009 WL 301820 (D. Utah Feb. 4, 2009) (unpublished). In *Brantley*, another housing case out of this district, the court denied West Valley City Housing Authority's motion for judgment as a matter of law because the basis given in the motion for terminating Mr. Brantley's housing assistance differed from the basis stated in the notice. *Id*. at *4–5. Defendant West Valley City Housing Authority terminated plaintiff Dale Brantley's housing assistance after Mr. Brantley was charged with aggravated assault. *Id*. In its notice to Mr. Brantley, the West Valley City Housing Authority stated it was pursuing termination based on criminal activity. *Id*. at *2. Specifically, West Valley City Housing Authority's notice stated it "has received information and court documentation that you have been charged and/or convicted with aggravated assault. This activity is a violation of your family obligations." *Id*.

At Mr. Brantley's informal hearing, West Valley City Housing Authority's counsel argued that Mr. Brantley's aggravated assault charge provided a preponderance of evidence of criminal activity. *Id*. In a written decision, the hearing officer subsequently upheld Mr. Brantley's termination. *Id.* at *3. However, during litigation, the West Valley City Housing

Authority argued that it terminated Mr. Brantley's housing assistance because he violated an ordinance for discharging a gun in city limits. *Id*. at *4. The court denied West Valley City Housing Authority's motion for judgment as a matter of law because the basis West Valley City Housing Authority gave for terminating Mr. Brantley's housing assistance differed from the basis stated in the notice. *Id*. at *4–6. The court further reasoned that "the written decision in this case appears to fall short of due process standards" because the written decision provided only a conclusory statement of the decision and because defendant presented little, if any, evidence at the hearing. *Id*. at *6.

Ms. Tolley argues that, similar to *Brantley*, the Housing Authority violated her due process rights in at least three ways. (Resp. Mem. Opposing Mt. to Dismiss ("Resp.") 9, ECF No. 9.) First, Ms. Tolley claims the Housing Authority's formal notice to her identified the alleged debt as the basis for termination and "not a failure to submit paperwork on time. Therefore, pursuing termination at the subsequent hearing based on late paperwork didn't give Tolley adequate notice." (Compl. ¶ 81, ECF No. 4.) Second, Ms. Tolley claims she "was not given a fair opportunity to address the true basis of the termination" when the Housing Authority "refus[ed] to put on evidence of any alleged debt to her landlord." (*Id*. at ¶ 82.) And third, Ms. Tolley claims the Housing Authority violated her due process rights "because she was not provided with adequate reasoning by the decisionmaker regarding why he determined termination was proper." (*Id*. at ¶ 83.)

Meanwhile, the Housing Authority argues Ms. Tolley failed to state a claim upon which this Court can grant relief because the Housing Authority's termination of Ms. Tolley's voucher accorded with § 8 of the United States Housing Act and the attendant regulations. (Mot. at 12–14, ECF No. 8.) However, the Housing Authority's assurance that it complied with HUD

regulations does not guarantee that it complied with the due process requirements set forth in *Goldberg*. *See Ramirez v. Hous. Autho.*, 158 F.3d 583, *3 (5th Cir. 1998) (unpublished) ("P[ublic] H[ousing] A[uthority] procedures that comply with federal regulations may nonetheless violate the Due Process Clause *as applied*."). Under *Goldberg*, due process entitles a recipient to "timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally." 397 U.S. at 267–68. Further, after the hearing "the decisionmaker's conclusion as to a recipient's eligibility must rest solely on the legal rules and evidence adduced at the hearing." *Id.* at 271.

If the Housing Authority terminated Ms. Tolley's housing assistance based on the damages claim—without providing adequate notice, without giving Ms. Tolley an opportunity to challenge evidence of the alleged damages at her hearing, and without providing adequate reasoning in its termination decision—then Ms. Tolley suffered numerous due process violations. The undersigned must accept as true Ms. Tolley's allegation that the Housing Authority terminated Ms. Tolley's housing assistance based on the damages claim given the conflicting nature of the hearing officer's decision and the Housing Authority's March 26, 2016 letter. Furthermore, the undersigned must accept as true Ms. Tolley's allegation that the Housing Authority did not put on the evidence of the damages claim, thus depriving Ms. Tolley of the opportunity to contest the evidence. Given these allegations, Ms. Tolley has stated a claim upon which this Court could grant relief. For the reasons stated above, the undersigned RECOMMENDS the District Judge deny the Housing Authority's Motion to Dismiss Ms. Tolley's due process violation claims.

**II. Violation of HUD Regulations**

Under HUD regulation 24 C.F.R. § 982.555(a)(iv), a housing authority must provide a hearing when the housing authority makes "[a] determination to terminate assistance for a participant family because of the family's action or failure to act."  On the other hand, § 982.555(b)(4) provides that a housing authority need not hold a hearing when the housing authority makes a "determination not to approve an extension of the voucher term."  If the regulations require a hearing, the housing authority must give a recipient "prompt written notice that the family may request a hearing."  24 C.F.R. § 982.555(c)(2).  The written notice must "[c]ontain a brief statement of reasons for the decision."  *Id*.  At the hearing, the housing authority and the recipient "must be given the opportunity to present evidence."  24 C.F.R. § 982.555(e)(5).  And after the hearing, "[t]he person who conducts the hearing must issue a written decision, stating briefly the reasons for the decision."  24 C.F.R. § 982.555(e)(6).

The Housing Authority argues Ms. Tolley has failed to state a claim because the Housing Authority terminated Ms. Tolley's assistance for late paperwork under § 982.555(b)(4) and therefore had no obligation to provide Ms. Tolley with an informal hearing.  (Mot. 14, 11–12, ECF No. 8.)  However, Ms. Tolley claims the Housing Authority terminated her assistance based on the damages claim and therefore violated HUD regulations in at least three ways.  (Resp. 11, ECF No. 9.)  First, Ms. Tolley argues the Housing Authority violated HUD regulations because the Housing Authority's "only notice that meets the requirements of HUD regulations informed Tolley her assistance was being terminated for alleged debts owed," and yet the Housing Authority "insisted on addressing the lateness of Tolley's paperwork at the informal hearing." (Compl. ¶ 87, ECF No. 4.)  Second, Ms. Tolley alleges the "hearing officer's decision didn't meet the standard of 'stating briefly the reasons for the decision.'"  (*Id*. ¶ 88.)  And finally, Ms.

9

Tolley alleges the Housing Authority "failed to obey notice requirements and the requirement to show the basis of its termination is correct by a preponderance of the evidence when it refused to put on evidence of alleged debts [], but terminated Tolley's assistance—at least in part—on alleged debts." (*Id.* ¶ 89.)

Taking Ms. Tolley's claim that the Housing Authority terminated her housing assistance based on the damages claim—without presenting evidence of the damages at the hearing and without stating the reasons for the decision in the written decision—as true, Ms. Tolley has alleged HUD regulation violations and has stated a claim upon which this Court can grant relief. For the reasons states above, the undersigned RECOMMENDS the District Judge deny the Housing Authority's Motion to Dismiss Ms. Tolley's HUD regulation violation claims.

## RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge deny Defendant's Motion to Dismiss.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id*. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 14th day of March, 2017.

BY THE COURT:

*/s/ Evelyn J. Furse*
EVELYN J. FURSE
United States Magistrate Judge